Medical Building of Houston v. Commissioner.
Medical Bldg. of Houston v. Commissioner
Docket No. 110016.
United States Tax Court
1943 Tax Ct. Memo LEXIS 59; 2 T.C.M. (CCH) 1001; T.C.M. (RIA) 43478; November 10, 1943
*59 John H. Freeman, Esq., 838 Transportation Bldg., Washington, D.C., for the petitioner. Frank B. Appleman, Esq., for the respondent. LEECH Memorandum Opinion LEECH, Judge: Respondent determined deficiencies in income tax of $2,540.38 and excess-profits tax of $208.98 for the calendar year 1938 and a deficiency in income tax of $3,065.30 for the calendar year 1939. The proceeding was submitted upon a stipulation of facts supplemented by documentary exhibits. The issue for the calendar year 1939 was disposed of by stipulation of the parties, which will be given effect in the recomputation under Rule 50. The issue presented for the calendar year 1938 is whether the sum of $16,026.94, paid by petitioner out of earnings in that year on certain so-called "income scrip," is deductible as interest under section 23(b) of the Revenue Act of 1938. [The Facts] We find the facts as stipulated. Briefly, these are that petitioner is a Texas corporation organized on March 30, 1935. Its income and excess-profits tax returns for the calendar years here involved were filed with the collector of internal revenue for the first district of Texas. The Houston Medical Arts Building Company, a Texas *60 corporation, conveyed under deed of trust, on February 15, 1929, certain real estate in the City of Houston including the building known as the Houston Medical Arts Building, to secure the payment of an issue of first mortgage bonds in the principal amount of $1,450,000. Thereafter default occurred as to both principal and interest upon this bond issue and in May 1932 the owners of these bonds secured the appointment of a substitute trustee who took possession of the mortgaged property and operated it for the benefit of the bondholders until October 31, 1935. After default of the bonds above referred to, the bondholders had organized a "PROTECTIVE COMMITTEE", with which had been deposited all but approximately $9,000 of the outstanding bonds. In January 1935 a plan was formulated by the PROTECTIVE COMMITTEE for a reorganization in the interest of the bondholders. This plan provided for a judicial sale of the mortgaged property, its purchase at such sale by the COMMITTEE and the organization of a new corporation to which title to the mortgaged property would be conveyed free of existing mortgages. It was provided that the new corporation would issue for the property its first mortgage *61 sinking fund 5 1/2 per cent bonds in an amount equivalent to the aggregate of the bonds deposited with the COMMITTEE. It was further provided that the new corporation would issue "income scrip" in an amount equal to the interest outstanding and unpaid on the deposited bonds as of the date of the issuance of the new bonds. The so-called "income scrip" above referred to was to be attached to the new bonds issued and was to be payable only out of the excess earnings above the amount thereof required for certain fixed charges. The aforesaid plan of reorganization was carried out and about October 1, 1935, under foreclosure proceedings at a Master's sale, the property covered by the deed of trust was bought for a bid price of $650,000. This amount was paid by the PROTECTIVE COMMITTEE with the deposited bonds except that expenses of sale and the proportionate amount due to the holders of the $9,000 face value of non-deposited bonds was paid in cash. Thereupon the petitioner corporation was organized and on October 31, 1935 the property in question was transferred to petitioner, which agreed to assume all the obligations of the PROTECTIVE COMMITTEE under the plan. Petitioner thereupon *62 issued to the first mortgage bondholders of the Houston Medical Arts Building Company its own first mortgage sinking fund 5 1/2 per cent bonds, dated November 1, 1935, and totaling $1,044,000 in face amount, this being the unpaid principal of the deposited bonds. Each of the bonds so issued by petitioner had attached semiannual interest coupons covering payment of interest thereon at 5 1/2 per cent and, in addition, there were attached to each bond income scrip coupons providing for the payment annually, in the event that there was available excess income as provided and set out in the deed of trust securing the bonds, of an amount equal to one per cent of the face of the bond. The total amount payable under the scrip coupons attached to each bond amounted to 4.87 per cent of the face value of the bond and the total amount thus provided to be paid as income scrip was in the sum of $50,842.80, which was the amount of interest unpaid on the bonds of the Houston Medical Arts Building Company at the date of the issuance by petitioner of its own bonds. In 1938 petitioner paid a total of $16,026.94 out of earnings on the aforesaid income scrip coupons and deducted this amount upon its *63 return as interest paid on indebtedness. This deduction was disallowed by respondent in determining the deficiencies for that year. [Opinion] Petitioner does not oppose the rule that a payment of interest to be deductible must be one of interest accruing upon an indebtedness of the taxpayer and for the use or withholding of money. It argues, however, that the contested payment in essence is of that character because of the fact that its obligation to make payment runs to the holders of its bonds and is an obligation assumed by it under the deed of trust securing those bonds. It is urged that its character is not different from that of the 5 1/2 per cent interest specifically provided to be paid on these bonds and is nothing more than additional interest which it has agreed to pay conditionally out of earnings for the use of the bondholders' money and to secure their forbearance. We can not agree. The $50,842.80, for which the income scrip coupons were issued, represented an indebtedness by the former corporation for interest unpaid on its bonds. The PROTECTIVE COMMITTEE bought in the mortgaged property under an agreement that it would pay to the bondholders in bonds of petitioner *64 in an amount equal to that of those then held and would, in addition, pay to those bondholders what, in the plan of reorganization, was designated as their "loss interest" on the bonds of the Houston Medical Arts Building Company. Petitioner, as its consideration for the acquisition of the mortgaged properties, assumed this obligation. The amounts provided under the income scrip coupons were, we think, clearly interest which had accrued, not on the indebtedness of petitioner, but on the indebtedness of the former corporation and as such it is not deductible by petitioner. ; ; . It appears clear that agreement under which the property was acquired by petitioner provided for the payment of this interest item owed by the former owner and which had accrued at the time of the acquisition of the property. As such the expenditure is capital in character. . The disallowance of this deduction by respondent is approved. *65 Decision will be entered under Rule 50.